IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANGELLO A. D. OSBORNE,

    Plaintiff,

    v.                                       Civil Action No. RDB-14-182

CORPORAL PETER GIORDADES,
LGSW DIONE WHITE, and
MEREDITH LYNN PIPITONE,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Angello Osborne ("Plaintiff" or "Osborne") brings this action against Defendants Corporal Peter Georgiades ("Corporal Georgiades"),[1] LGSW[2] Dione White ("White"), and Meredith Lynn Pipitone ("Pipitone"), alleging violations of his constitutional rights under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Specifically, Osborne contends that Defendants, in the process of investigating the Plaintiff for alleged sexual abuse of a minor child, conspired to subject him to unreasonable seizure in violation of the Fourth and Fourteenth Amendments.

---

[1] In his Complaint, Plaintiff incorrectly named "Corporal Peter Giordades" as a defendant in the present action. Compl. ¶ 4, ECF No. 1. The defendant at issue is actually Corporal Peter *Georgiades*, thus the Clerk of Court is directed to re-caption this matter to reflect the correction.

[2] Osborne named Defendant Dione White as "LGSW Dione White." Maryland issues four social worker licenses, including the "Licensed Graduate Social Work," or LGSW certification. Md. Code Ann., Health Occupations, § 19-101(h).

Currently pending before this Court are Defendant White's Motion to Dismiss (ECF No. 7) and Defendant Corporal Georgiades's Motion to Dismiss (ECF No. 10).[3] The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Defendant White's Motion to Dismiss (ECF No. 7) is GRANTED and Defendant Corporal Georgiades's Motion to Dismiss (ECF No. 10) is DENIED IN PART and GRANTED IN PART. Specifically, Corporal Georgiades's Motion to Dismiss is denied as to Count I and granted as to Count II.

BACKGROUND

This Court accepts as true the facts alleged in the plaintiff's complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). This case arises out of the investigation and subsequent imprisonment of Plaintiff Angello Osborne for alleged sexual assault of a minor child. Osborne is the father of two minor children – a daughter, aged five years, and a son, aged two years. Compl. ¶ 6. On November 1, 2010, Defendant Meredith Pipitone, the mother of the two children, contacted the Harford County Child Advocacy Center to report the alleged sexual assault of the five-year old daughter ("the minor child"). *Id.* ¶¶ 6, 8. Defendants Corporal Georgiades,[4] an employee of the Harford County Sheriff's Department, and White,[5] a licensed social worker for the Harford County Child Advocacy Center, interviewed Pipitone. Pipitone allegedly acted "in a manner that would cause [Corporal Georgiades and White] to be sympathetic to her and biased against" Osborne. *Id.*

---

[3] Defendant Pipitone filed an Answer (ECF No. 6) on May 23, 2014.
[4] Police Corporal (now Sergeant) Peter Georgiades is an agent of the State of Maryland. *Id.* ¶ 4. Corporal Georgiades does not dispute his employment nor his role as an agent of the State of Maryland. *See* Mem. in Supp. of Def. Corporal Georgiades's Mot. to Dismiss, 1, 4, ECF No. 10-1.
[5] Dione White is an agent of the State of Maryland. *Id.* ¶ 5. She does not dispute her employment nor her role as an agent of the State of Maryland. *See* Mem. in Supp. of Def. White's Mot. to Dismiss, 1, ECF No. 7-1.

¶ 9.

Following the meeting with Pipitone, White questioned the minor child regarding her mother's allegations. *Id.* ¶ 10. Corporal Georgiades observed the interview from an adjoining room, and was in contact with White throughout the questioning. *Id.* ¶ 11. In response to White's interrogation, the minor child "consistently denied" Pipitone's allegations of sexual abuse. *Id.* ¶ 12. Despite this repeated refutation, Osborne alleges that White and Corporal Georgiades constructed questions "that were unduly suggestive and leading in nature[,] . . . designed and intended to cajole the minor child into making up a story to support" Pipitone's accusations. *Id.* ¶ 13. The minor child finally described a "story" in which Osborne, her father, "used his penis, his hands, his mouth[,] and his foot to penetrate her vagina." *Id.* ¶ 14.

After White completed her examination of the minor child, Pipitone called Osborne to accuse him of sexually assaulting their daughter. *Id.* ¶¶ 15-16. With Pipitone's consent, Corporal Georgiades listened in on the call to Plaintiff. *Id.* ¶ 15. During the telephone conversation, Osborne consistently denied Pipitone's accusations. *Id.* ¶ 16.

On January 24, 2011, Corporal Georgiades applied for an arrest warrant, allegedly using only "selected excerpts" from White's interview of the minor child. *Id.* ¶ 17. The application omitted the child's earlier denials of sexual abuse, as well as any information regarding a medical examination of the child for signs of the alleged abuse. *Id.* On the basis of Corporal Georgiades's selective application, he received an arrest warrant for Osborne. *Id.* ¶ 18. The Plaintiff was arrested the following day, January 25, 2011. *Id.* Osborne was incarcerated without bond for over eight months, until October 3, 2011, after which date a

bond was set for $25,000. *Id.* ¶ 19. Finally, the Office of the State's Attorney for Harford County declined to prosecute Osborne on December 13, 2011. *Id.* ¶ 20.

Osborne subsequently initiated the present action against Defendants Pipitone, Corporal Georgiades, and White on January 23, 2014. In his Complaint (ECF No. 1), Osborne levies two claims. First, he alleges that the Defendants, acting under color of state law, violated his Fourth Amendment and Fourteenth Amendment rights in contravention of 42 U.S.C. § 1983 (Count I). *Id.* ¶¶ 27-30. Second, Osborne asserts that Defendants conspired to construct false accusations of sexual assault against him, thereby denying him the equal protection of the laws under 42 U.S.C. § 1985(3) (Count II). *Id.* ¶¶ 31-35. Regarding both counts, Osborne argues that Pipitone, Corporal Georgiades, and White "knowingly and intentionally" induced the minor child to fabricate a story of sexual abuse that led directly to his "unjustifabl[e] arrest[] . . . [and] imprisonment." *Id.* Osborne denies ever assaulting or even attempting to assault the minor child. *Id.* ¶ 26. His arrest and ensuing incarceration thus were allegedly "without justification, without probable cause, and were motivated by [Defendants'] wanton, malicious[,] and reckless desire to inflict great emotional and physical distress and pain and suffering upon" Osborne. *Id.* ¶ 25.

In response, Defendant White moved to dismiss the Complaint pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 7). Defendant Corporal Georgiades then filed a separate Motion to Dismiss (ECF No. 10), asserting the defenses of absolute and qualified immunity.[6]

STANDARD OF REVIEW

---

[6] Defendant Pipitone filed her Answer (ECF No. 6) and has not moved to dismiss the Complaint.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. Under the plausibility standard, a complaint must contain

5

"more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)). In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. "At bottom, a plaintiff must nudge [its] claims across the line from conceivable to plausible to resist dismissal." *Wag More Dogs, LLC*, 680 F.3d at 365 (internal quotation marks omitted).

## ANALYSIS

Plaintiff Osborne's Complaint asserts two federal causes of action against the Defendants – a claim under 42 U.S.C. § 1983 and a claim under 42 U.S.C. § 1985. In their respective motions to dismiss, Defendants White and Corporal Georgiades raise a variety of issues, including various immunity doctrines, failure to state a plausible claim under *Iqbal* and *Twombly*, and procedural defects. This Court will address the issues raised by the parties in the following manner. First, this Court will examine Count I as applied to White. Second, this Court will consider Count I as applied to Corporal Georgiades. Finally, this Court will address Count II as applied to White *and* Corporal Georgiades.

**I.      Count I – Constitutional Violations Under 42 U.S.C. § 1983 – as Applied to Defendant White**

In moving to dismiss the subject Complaint, Defendant White contends that Osborne has failed to state a claim upon which relief may be granted as to both counts.[7] Osborne asserts his first claim against Defendant White under 42 U.S.C. § 1983 for violation of his Fourth Amendment and Fourteenth Amendment rights. Regarding this claim, White argues that Osborne neglects to include sufficient facts demonstrating a constitutional violation or a causal link between any alleged violation and White's actions, as required by 42 U.S.C. § 1983.

Section 1983 creates a private right of action for any United States citizen seeking to remedy alleged constitutional violations. 42 U.S.C. § 1983. Under Section 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Section 1983 does not create "substantive rights;" rather, it provides "a method for vindicating federal rights elsewhere conferred." *Thompson v. Dorsey*, Civ. A. No.

---

[7] White raises two additional arguments in support of her Motion to Dismiss. First, she contends that Osborne failed to effectuate proper service of the summons and the Complaint, thereby precluding this Court from exercising personal jurisdiction over her. Second, White argues that Osborne's claims are barred by the relevant statute of limitations. Since both counts fail to meet the pleading standard of *Twombly* and *Iqbal* with respect to the claims made against White, this Court need not reach either additional argument.

7

ELH-10-1364, 2011 WL 2610704, at *3 (D. Md. June 30, 2011) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)).

In his Complaint, Osborne identifies the Fourth and Fourteenth Amendments as the underlying sources of his § 1983 claim. Essentially, he alleges that White (and her co-defendants) acted to "unjustifiably arrest[] Plaintiff . . . imprison[] Plaintiff; and . . . commit[] the other illegal and malicious acts," thereby infringing on "rights guaranteed to Plaintiff[] under the Fourth and Fourteenth Amendments to the United States Constitution[.]" Compl. ¶ 29.

In moving to dismiss Count I of Plaintiff's Complaint, White identifies two purported deficiencies under the standard set forth by *Twombly* and *Iqbal*. First, she argues that Osborne has alleged insufficient facts indicating a violation of his Fourth Amendment and Fourteenth Amendment rights. Second, the Complaint does not establish any causal connection between a conceivable constitutional violation and White's involvement in the investigation. Alternatively, White contends that she is entitled to qualified immunity for any alleged violations. Since the Complaint fails under the pleading requirements of *Twombly* and *Iqbal*, this Court need not consider whether White is eligible for the protection of qualified immunity. Rather, this Court will examine each alleged deficiency of the Complaint in turn.

First, White argues that Osborne has failed to allege facts signifying a constitutional violation under the Fourth or Fourteenth Amendments. In his Complaint, Osborne identified two alleged constitutional violations – false arrest and false imprisonment. The United States Court of Appeals for the Fourth Circuit has explained that § 1983 incorporates common law torts, such as false arrest and false imprisonment, so as to create a "'special

8

species of tort liability,' founded on rights originating in the Constitution[.]" *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976)). Section 1983 claims for false arrest or false imprisonment are thus "properly analyzed as unreasonable seizures under the Fourth Amendment." *McPhearson v. Anderson*, 873 F. Supp. 2d 753, 756 (E.D. Va. 2012) (quoting *Day v. Milam*, Civ. A. No. 1:11-cv-97, 2011 WL 5190809, at *4 (E.D. Va. Oct. 28, 2011)). If a plaintiff alleges that police officers seized him "pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor," then he has sufficiently stated a claim for unreasonable seizure under the Fourth Amendment. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996); *see also Miller v. Prince George's County*, 475 F.3d 621, 630 (4th Cir. 2007).

In this case, Osborne's allegations are sufficient to plead a plausible violation of his Fourth Amendment rights. Osborne claims that the story upon which his arrest and subsequent imprisonment were based was forcibly fabricated and unsupported by any known medical examination. At the motion to dismiss stage, this Court must accept as true the facts alleged by Osborne in the subject Complaint. *See Aziz*, 658 F.3d at 390. If true, these allegations demonstrate a false foundation for an arrest that does not constitute probable cause for purposes of the Fourth Amendment's protection against unreasonable seizures. Furthermore, the criminal proceedings against Osborne terminated in his favor when the Office of the State's Attorney declined to prosecute him for the alleged sexual abuse. Accordingly, Osborne has adequately pled the requisite constitutional violations.

Yet, the sufficiency of his claim falters as applied to White. As White contends, even if Osborne succeeded in pleading violations of the Fourth and Fourteenth Amendments, the Complaint fails to show a causal connection between the alleged violations and White's participation in the sexual abuse investigation. White is only mentioned in the Complaint in connection with the initial questioning of the minor child. Osborne alleges no facts indicating White's participation in removing exculpatory evidence from the materials for the arrest warrant. Although Osborne claims that White actively conspired with Defendants Corporal Georgiades and Pipitone to arrest and incarcerate him in violation of the Fourth Amendment, Osborne's allegations are merely conclusory. Evan if an indirect actor who "set[s] in motion a series of acts by others" may be held liable under § 1983, that actor must "know[] or reasonably should know [his actions] would cause others to inflict the constitutional injury." *Sales v. Grant*, 158 F.3d 768, 776 (4th Cir. 1998) (quoting *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 560-61 (1st Cir. 1989)). Osborne has alleged no facts demonstrating that White knew or reasonably should have known of his alleged constitutional injuries. *Iqbal* requires more than mere "[t]hreadbare recitals of the elements of a cause of action" when pleading a claim for relief. 556 U.S. at 678. While Osborne alleged facts sufficient to establish violations of his Fourth Amendment right against unreasonable seizures, he failed to connect the violations to the investigatory conduct of White. Accordingly, White's Motion to Dismiss is GRANTED as to Count I.

## II.   Count I – Constitutional Violations under 42 U.S.C. § 1983 – as Applied to Defendant Corporal Georgiades

Like Defendant White, Defendant Corporal Georgiades moves to dismiss Count I of the subject Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[8] Rather than attack the sufficiency of the pleading of Count I, Corporal Georgiades contends that he is entitled to absolute immunity, or, in the alternative, qualified immunity, for any alleged constitutional violations. This Court will consider each defense in turn.

Only a narrow range of officials receives the protection of absolute immunity. These officials, such as judges, legislators, and prosecutors, receive absolute immunity because they must be able to execute certain official duties without the constant fear of lawsuits. *See, e.g.*, *Nixon v. Fitzgerald*, 457 U.S. 731, 751-52 (1982) (discussing presidential immunity); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978) (dismissing judicial immunity); and *Imbler*, 424 U.S. at 430 (discussing prosecutorial immunity). In recognition of the severe effect of absolute immunity on § 1983 lawsuits, the Supreme Court has explained that the "presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties." *Burns v. Reed*, 500 U.S. 478, 487 (1991).

As a general rule, police officers receive only the protection of qualified, not absolute, immunity. *See, e.g.*, *Pierson v. Ray*, 386 U.S. 547 (1967) (explaining that police officers are afforded qualified immunity in suits for damages). When a police officer is acting as a witness in a trial or a grand jury proceeding, however, he is entitled to absolute immunity for any claim resulting from his testimony. *Briscoe v. LaHue*, 460 U.S. 325 (1983) (applying absolute immunity to police officers testifying at trial); *Rehberg v. Paulk*, 132 S. Ct. 1497, 1506

---

[8] Generally, motions to dismiss pursuant to Rule 12(b)(6) address the legal sufficiency of a complaint rather than the existence of meritorious affirmative defenses; however, when the existence of such a meritorious defense—such as qualified immunity— is apparent on the face of the complaint, dismissal is appropriate. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). Thus, this Court will address the issues of absolute immunity and qualified immunity by examining the allegations contained in the Complaint.

11

(2012) (extending *Briscoe* to include claims from officers' testimony at grand jury proceedings). This absolute immunity ensures that "the truth-seeking process at trial would [not] be impaired." *Rehberg*, 132 S. Ct. at 1505 (citing *Briscoe*, 460 U.S. at 333).

Corporal Georgiades contends that he is entitled to the absolute immunity extended to police officers under *Rehberg*, as he styles Osborne's claim as arising from Corporal Georgiades's grand jury testimony. This characterization, however, ignores the plain language of the Complaint. Osborne is suing Corporal Georgiades not for his grand jury testimony, but rather for his allegedly misleading questioning of the minor child, omission of relevant exculpatory evidence from the arrest warrant application, and other alleged improper investigatory actions. In fact, Osborne does not even mention a grand jury proceeding, nor Corporal Georgiades's participation in that proceeding. The Supreme Court has drawn a clear line between prosecutorial and investigative functions of prosecutors, affording only the former absolute immunity. *See Mitchell v. Forsyth*, 472 U.S. 511, 521 (1985); *see also Imbler*, 424 U.S. at 431 n.33 (1976). This line indicates that, at the investigative stage, absolute immunity is inappropriate for police officers, as it is for prosecutors. Corporal Georgiades's investigative decisions, rather than his testimonial actions, form the basis of Osborne's § 1983 claim. He thus is not entitled to absolute immunity.

Qualified immunity affords a government officers protection from suits for monetary damages when the officers have acted in good faith. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This brand of immunity is "an affirmative defense that shields government officials performing discretionary functions from personal-capacity liability for civil damages under § 1983, insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known." *Occupy Columbia v. Haley*, 738 F.3d 107, 118 (4th Cir. 2013) (internal quotation marks omitted); *see also Harlow*, 457 U.S. at 818 (1982). The doctrine is intended to apply to "gray areas, where the law is unsettled or murky," rather than situations where the government actors were "plainly incompetent or . . . knowingly violate[d] the law." *Occupy Columbia*, 738 F.3d at 118. Thus, qualified immunity shields government officials from § 1983 claims unless "(1) the allegations underlying the claim, if true, substantiate a violation of federal statutory or constitutional right; and (2) this violation was of a clearly established right of which a reasonable person would have known." *Id.*.

Corporal Georgiades claims he is entitled to qualified immunity because Osborne fails to allege a violation of a clearly established constitutional right. Specifically, Corporal Georgiades identifies the Office of the State's Attorney's decision not to prosecute Osborne as the sole fact supporting a claim that the investigation violated Osborne's constitutional rights. Yet, this argument ignores the remainder of Osborne's Complaint. As discussed above, Osborne claims that Corporal Georgiades' actions subjected him to false arrest and false imprisonment, in violation of the Fourth and Fourteenth Amendments. These claims are properly construed under § 1983 as unreasonable seizures, in violation of the Fourth Amendment itself. *McPhearson*, 873 F. Supp. 2d at 756 (quoting *Day*, 2011 WL 5190809, at *4). The Fourth Amendment's protection against unreasonable seizures could not be any more established, as this protection is found in the plain language of the Amendment. U.S. Const. amend. IV, cl. 1. Further, Osborne's allegations that Corporal Georgiades knowingly omitted relevant exculpatory evidence from his arrest warrant application and actively

pressured the minor child into fabricating the underlying sexual abuse, if true, support a finding that probable cause did not exist for Osborne's arrest and subsequent imprisonment. Osborne thus has sufficiently pled a violation of his constitutional rights.

Even if Osborne has alleged a plausible violation of a clearly established constitutional right, Corporal Georgiades contends that the prosecutor's independent decision not to seek an indictment broke the causal chain between the alleged unreasonable seizure and Corporal Georgiades's investigation. Generally, successful constitutional tort claims "require a demonstration of both but-for and proximate causation." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). As with common law torts, the "subsequent acts of independent decision-makers (*e.g.*, prosecutors, grand juries, and judges) may constitute intervening superseding causes that break the causal chain between a defendant-officer's misconduct and a plaintiff's unlawful seizure." *Id.* Yet, the presence of an independent decision-maker does not automatically sever this connection. The offending police officer remains the cause of the unreasonable seizure when, for example, he "fail[s] to disclose exculpatory evidence to the prosecutor . . . or unduly pressure[s] the prosecutor to seek the indictment." *Id.* at 648.

In this case, the prosecutor's decision was to dismiss the case. Osborne specifically alleges that Corporal Georgiades withheld exculpatory evidence, such as the minor child's repeated denials of sexual abuse or any medical examination records, when applying for an arrest warrant. As the Fourth Circuit explained in *Evans*, such misleading actions preserve the causal chain between a plaintiff's unreasonable seizure and the officer's offending

actions. Corporal Georgiades is thus not entitled to qualified immunity. Accordingly, his Motion to Dismiss is DENIED as to Count I.

### III.   Count II – Conspiracy under 42 U.S.C. § 1985 – as Applied to Defendants White and Corporal Georgiades

Osborne's second claim against White and Corporal Georgiades asserts a violation of 42 U.S.C. § 1985(3). Specifically, Osborne, as an African-American, contends that the actions of White and Corporal Georgiades were based on racial animus. Section 1985(3) creates a private cause of action where "two or more persons . . . conspire . . . for the purposes of depriving, either directly or indirectly, any person . . . of the equal protection of the law, or of equal privileges and immunities under the law." In order to establish a claim under § 1985(3), the plaintiff must prove that:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (citing *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995)). Furthermore, a plaintiff must demonstrate "an agreement or a meeting of the minds by [the] defendants to violate the [plaintiff's] constitutional rights." *Id.* (quoting *Simmons*, 47 F.3d at 1377); *see also, Simmons*, 47 F.3d at 1377 (noting that this is a "relatively stringent" standard).

Here, despite Osborne's assertion in his response brief, there is no plausible allegation of an "invidiously discriminatory" racial animus. Instead, Osborne merely recites the protections of § 1985(3) and restates his allegations regarding the alleged violations of his

15

Fourth Amendment and Fourteenth Amendment rights. *See* Compl. ¶¶ 32-34. Nowhere in the Complaint does Osborne mention racial or class-based animus. Although Osborne argues in his response brief that he is African American, whereas Defendants are Caucasian, the mere presence of different races does not indicate racial animus.

Moreover, conspiracy claims must fail if they are pled in a conclusory manner and devoid of "concrete, supporting facts." *See A Society Without a Name*, 655 F.3d at 346-47 (affirming dismissal of § 1985 claim accompanied by only conclusory allegations); *see also Gooden v. Howard Cnty.*, 954 F.2d 960, 970 (4th Cir. 1992) (en banc) ("To avoid of the purposes of qualified immunity, courts have thus required that plaintiffs alleging unlawful intent in conspiracy claims under § 1985(3) or § 1983 plead specific facts in a nonconclusory fashion to survive a motion to dismiss."). Here, Osborne merely relies on the pleadings recitations he used in his § 1983 claim, rather than pleading facts relevant to § 1985(3). Due to his omission of a threshold element of a § 1985(3) claim and the conclusory manner in which he presented these allegations, Osborne has failed to state a claim upon which relief may be granted. Accordingly, Defendant White's Motion to Dismiss is GRANTED as to Count II and Defendant Corporal Georgiades's Motion to Dismiss is GRANTED as to Count II.

## CONCLUSION

For the reasons stated above, Defendant White's Motion to Dismiss (ECF No. 7) is GRANTED and Defendant Corporal Georgiades's Motion to Dismiss (ECF No. 10) is DENIED IN PART and GRANTED IN PART. Specifically, Corporal Georgiades's

Motion to Dismiss is denied as to the 42 U.S.C. § 1983 claim (Count I) and granted as to the 42 U.S.C. § 1985 claim (Count II).

A separate Order follows.

Dated: January 20, 2015                                  /s/_____
                                                        Richard D. Bennett
                                                        United States District Judge