# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

**ANGELLO A.D. OSBORNE,** *et al.,*

   **Plaintiff**

**v.**

**POLICE CORPORAL PETER GEORGIADES,** *et al.,*

   **Defendants**

Case No: 14-CV-00182-RDB

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT MEREDITH PIPITONE'S MOTION FOR JUDGMENT ON THE PLEADINGS

NOW COMES the Plaintiff, Angello Osborne (hereinafter "Plaintiff"), by and through his undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maryland. Plaintiff hereby files this response in opposition to Defendant Meredith Pipitone's Motion For Judgment on the Pleadings, and further states the following:

## INTRODUCTION

On January 23, 2014 Plaintiff filed his initial complaint in this Honorable Court alleging that each of the Defendants in this case violated Plaintiff's rights under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(c). The Complaint named three Co-Defendants, Police Corporal Peter Georgiades (hereinafter, "Defendant Georgiades"), a law enforcement official employed by the Harford County Sheriff's Department, Defendant Dione White (hereinafter, "Defendant White"), a licensed social worker employed by the Harford County Child Advocacy Center and an agent of the state of Maryland, and Defendant Pipitone.

Defendant Pipitone was properly served on May 12, 2014, and she filed her answer on May 23, 2014. Co-Defendants Georgiades subsequently filed motions to dismiss the Complaint as it pertained to each of them in their respective capacities. On January 20, 2015, this Honorable Court granted Defendant White's motion and dismissed both counts. However, the Court granted in part and denied in part Defendant Georgiades motion. Specifically, this Court denied Defendant Georgiades' motion to dismiss the § 1983 claim but granted the motion to dismiss the § 1985(c) claim.

Defendant Pipitone now files this F.R.C.P. 12(c) motion asserting that she is entitled to judgment on the pleadings because "she was not a state actor."

With respect to Count II of the Complaint, the Plaintiff gives great deference to this Honorable Court's ruling that the complaint does not sufficiently state a § 1985(c) claim. As such, Plaintiff makes no argument in opposition to Defendant Pipitone's motion as it relates to Count II only. However, with respect to Count I, the Plaintiff's § 1983 claim, Plaintiff contends that the pleadings are sufficient to state a cause of action against Defendant Pipitone.

## **THE COMPLAINT**

At some point during the month of March 2010, Defendant Pipitone sent a letter to the Plaintiff evincing that she had great disdain for the Plaintiff. (Cmp., ¶7). On or about November 1, 2010 Defendant Pipitone contacted Defendants Georgiades and White at the Harford County Child Advocacy Center alleging that the Plaintiff had sexually assaulted Plaintiff's and Defendant Pipitone's five year-old daughter (hereinafter, "the minor child"). (Cmp., ¶8). During their initial meeting, Defendant Pipitone presented herself to Defendants Georgiades and White in a manner that would cause them to be sympathetic to her and biased against the Plaintiff. (Cmp., ¶9). Almost immediately after speaking with Defendant Pipitone, on that same date,

Defendant White conducted a lengthy interview of the minor child. The interview was both visually and audibly recorded. (Cmp., ¶10).

Although Defendant Georgiades was not present in the room while Defendant White was questioning the minor child, he was able to see and hear the interview. In addition, he maintained telephone contact with Defendant White as she continued to question the minor child. (Cmp., ¶11). During the interview, the minor child consistently denied the allegations that her father, the Plaintiff, had sexually abused her. In fact, the minor child denied the allegations several times over and again. (Cmp., ¶12).

Despite the minor child's consistent denials, Defendants White and Georgiades formulated questions that were unduly suggestive and leading in nature. This line of questioning was designed and intended to cajole the minor child into making up a story to support the allegations against the Plaintiff. (Cmp., ¶13). In response to the unduly suggestive and leading line of questioning formulated by Defendants White and Georgiades, the minor child eventually made up a story indicating that her father, the Plaintiff, ***used his penis, his hands, his mouth and his foot to penetrate her vagina***. (Cmp., ¶14)(emphasis added). The interview was terminated almost immediately after the minor child made an absurd statement that her father had used his foot to penetrate her vagina.

Upon completion of the interview, Defendant Pipitone telephoned the Plaintiff. This telephone call was monitored by Defendant Georgiades with the consent of Defendant Pipitone. (Cmp., ¶15). During their conversation, Defendant Pipitone falsely accused the Plaintiff of sexually abusing the minor child, and the Plaintiff continually denied the allegations. (Cmp., ¶16).

Several weeks later, on January 24, 2011, Defendant Georgiades made application to the court for an arrest warrant against the Plaintiff. In his application, Defendant Georgiades used only selected excerpts from Defendant White's interview with the minor child. However, the application failed to mention that the minor child consistently denied the allegations. Furthermore, the application failed to mention whether or not the minor child had been medically examined and/or whether a medical examination supported the story that Defendants Georgiades and White led the minor child to tell. (Cmp., ¶17). Based upon Defendant Georgiades' omissions, an arrest warrant was issued.

Subsequently, the Plaintiff was arrested on January 25, 2011 and remained incarcerated and held without bond until October 3, 2011. On that date, the court set a new bond in the amount of $25,000. In all, Plaintiff remained incarcerated more than eight months. (Cmp., ¶18-19). On or about December 13, 2011 the Office of the State's Attorney declined to prosecute the Plaintiff. (Cmp., ¶20).

## STANDARD OF REVIEW

Under Rule 12(c), "[A]fter the pleadings are closed, a party may move for judgment on the pleadings if no material facts remain at issue and the parties' dispute can be resolved on both the pleadings and those facts of which the court can take judicial notice." A motion under Rule 12(c) is generally treated in the same manner as a Rule 12(b)(6) motion to dismiss.

Because the standard for testing are pleading under Rule 12(c) mirrors the Rule 12(b)(6) standard, the Supreme Court's Rule 12(b)(6) decision in *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955 (2007) extends to Rule 12(c) motions practice. Specifically, "[o]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombley* at 1969. The court "should view the complaint in a light

most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain,* 478 U.S. 265, 286 (1986), nor "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Veney v. Wyche*, 293 F.3d. 726, 730 (4th Cir. 2002). Thus,"[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S.Ct. at 1965.

F.R.C.P. 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001). Even though the notice-pleading requirements under Rule 8 are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). In that vein, the complaint must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007), and the facts pled must "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Igbal*, 556 U.S. 662, 678 (2009) (quoting *Twombley*, 550 U.S. at 557).

The Plaintiff contends that in the instant matter, the Complaint alleges a viable § 1983 claim against Defendant Pipitone. Accordingly, dismissal of that claim would not be appropriate.

## ARGUMENT

To implicate 42. U.S.C. § 1983, conduct must be "fairly attributable to the State." *DeBauche v. Trani*, 191 F.3d 499, 506 (1999)(citing: *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged

in the state's actions." *DeBauche* at 506 (citing *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 620 (1991). "Although the conduct of private parties lies beyond the Constitution's scope in most instances, governmental authority may dominate an activity to such an extent that its participants must be deemed to act with the authority of the government and, as a result, be subject to constitutional constraints." *DeBauche* at 506. "Thus, the Supreme Court has held that private activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it into state action." Stated differently, to become state action, private action must have a sufficiently close nexus with the state that the private action may be fairly treated as that of the state itself." *DeBauche* at 506 (citing: *American Mfrs. Mut. Ins. Co.v. Sullivan*, 526 U.S. 40 (1999)(quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004)).

In applying the principles set forth in the above cited cases, the Fourth Circuit recognizes the following four circumstances under which a private party can be deemed a state actor: "(1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private active; (3) when the state has delegated a traditionally and exclusively public function to a private actor;  or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen. *DeBauche* at 508 (citing: *Andrews v.  Federal Home Loan Bank of Atlanta*, and 998 F.2d 214, 217 (4th Cir. 1993)).

In this case, it is clear that Plaintiff has sufficiently alleged in this complaint that Defendant Pipitone jointly participated in conjunction with Defendant Georgiades' unconstitutional actions and omissions.  Specifically, the complaint clearly asserts that Defendant Pipitone initially contacted Defendant Georgiades alleging that the Plaintiff had sexually assaulted Plaintiff's and Defendant Pipitone's five year-old daughter, and during this

initial meeting, Defendant Pipitone presented herself to Defendants Georgiades in a manner that would cause them to be sympathetic to her and biased against the Plaintiff.  Moreover, the Complaint claims that almost immediately after speaking with Defendant Pipitone,  Defendant Georgiades monitored and participated in an interview of the minor child that was designed to implicate the Plaintiff .  The complaint further alleges that, during this interview, the minor child persistently denied having been assaulted by her father. Immediately after the interview, Defendant Pipitone jointly participated with Defendant Georgiades in making false accusations against the Plaintiff that he had sexually assaulted his daughter.  Yet, despite the child's and the Plaintiff's persistent denials that any sexual contact occurred, as well as the absence of corroborating medical evidence  (which is essential in child sexual abuse cases), Defendants Pipitone and Georgiades jointly participated in the advancement of their contrived false accusations. These acts and omissions led to a clear violation of Plaintiff's constitutional rights, and they were properly plead in Plaintiff's complaint.

## **CONCLUSION**

WHEREFORE, for the reasons advanced in this memorandum, the Plaintiff respectfully moves this Honorable Court to deny the Defendant Pipitone's motion.


Respectfully submitted,


/s/_____
Robert L. Smith, Jr.
Bar No. 24468
2317 North Charles Street
Baltimore, MD 21218
410-554-9022
Attorney for Petitioner

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of March 2015, a true and correct copy of the foregoing Response in Opposition to Defendant Pipitone's Motion for Judgement on the Pleadings and supporting memorandum were electronically sent and mailed via first class mail to:


Ioulia S. Maslikova, Esquire
The Woods Law Group, P.A.
10 South Street, Suite 400
Baltimore, MD 21202

And

Ann M. Sheridan, Esquire
Assistant Attorney General
311 West Saratoga Street
Baltimore, MD 21201

And

Michael G. Comeau, Esquire
Harford County Department of Law
220 South Main Street
Bel Air, MD 21014

/s/_____
Robert L. Smith, Jr.