IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANGELLO A. D. OSBORNE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-14-182 |
| CORPORAL PETER GEORGIADES, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Angello Osborne ("Plaintiff" or "Osborne") brings this action against Defendants Corporal Peter Georgiades ("Corporal Georgiades"),[1] LGSW[2] Dione White ("White"), and Meredith Lynn Pipitone ("Pipitone"), alleging violations of his constitutional rights under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3). Specifically, in his two-count complaint, Osborne contends that Defendants, in the process of investigating the Plaintiff for alleged sexual abuse of a minor child, conspired to subject him to unreasonable seizure in violation of the Fourth and Fourteenth Amendments.

Currently pending before this Court is Defendant Pipitone's Motion for Judgment on the Pleadings (ECF No. 26). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Defendant

---

[1] In his Complaint, Plaintiff incorrectly named "Corporal Peter Giordades" as a defendant in the present action. Compl. ¶ 4, ECF No. 1. The defendant at issue is actually Corporal Peter *Georgiades*. The Clerk of the Court shall be ordered to correct the misspelling in the caption of this case.

[2] Osborne named Defendant Dione White as "LGSW Dione White." Maryland issues four social worker licenses, including the "Licensed Graduate Social Work," or LGSW certification. Md. Code Ann., Health Occupations, § 19-101(h).

Pipitone's Motion for Judgment on the Pleadings is GRANTED and Judgment will be entered in favor of the Defendant Meredith Pipitone in this action.

BACKGROUND

This Court accepts as true the facts alleged in the plaintiff's complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). This case arises out of the investigation and subsequent imprisonment of Plaintiff Angello Osborne for alleged sexual assault of a minor child. Osborne is the father of two minor children – a daughter, aged five years, and a son, aged two years. Compl. ¶ 6. On November 1, 2010, Defendant Meredith Pipitone, the mother of the two children, contacted the Harford County Child Advocacy Center to report the alleged sexual assault of the five-year old daughter ("the minor child"). *Id.* ¶¶ 6, 8. Defendants Corporal Georgiades,[3] an employee of the Harford County Sheriff's Department, and White,[4] a licensed social worker for the Harford County Child Advocacy Center, interviewed Pipitone. Pipitone allegedly acted "in a manner that would cause [Corporal Georgiades and White] to be sympathetic to her and biased against" Osborne. *Id.* ¶ 9.

Following the meeting with Pipitone, White questioned the minor child regarding her mother's allegations. *Id.* ¶ 10. Corporal Georgiades observed the interview from an adjoining room and was in contact with White throughout the questioning. *Id.* ¶ 11. In response to White's interrogation, the minor child "consistently denied" Pipitone's allegations of sexual abuse. *Id.* ¶ 12. Despite this repeated refutation, Osborne alleges that White and Corporal

---

[3] Police Corporal (now Sergeant) Peter Georgiades is an agent of the State of Maryland. *Id.* ¶ 4. Corporal Georgiades does not dispute his employment nor his role as an agent of the State of Maryland. *See* Mem. in Supp. of Def. Corporal Georgiades' Mot. to Dismiss, 1, 4, ECF No. 10-1.

[4] Dione White is an agent of the State of Maryland. *Id.* ¶ 5. She does not dispute her employment nor her role as an agent of the State of Maryland. *See* Mem. in Supp. of Def. White's Mot. to Dismiss, 1, ECF No. 7-1.

Georgiades constructed questions "that were unduly suggestive and leading in nature[,] . . . designed and intended to cajole the minor child into making up a story to support" Pipitone's accusations. *Id.* ¶ 13. The minor child finally described a "story" in which Osborne, her father, "used his penis, his hands, his mouth[,] and his foot to penetrate her vagina." *Id.* ¶ 14.

After White completed her examination of the minor child, Pipitone called Osborne to accuse him of sexually assaulting their daughter. *Id.* ¶¶ 15-16. With Pipitone's consent, Corporal Georgiades listened in on the call to Plaintiff. *Id.* ¶ 15. During the telephone conversation, Osborne consistently denied Pipitone's accusations. *Id.* ¶ 16.

On January 24, 2011, Corporal Georgiades applied for an arrest warrant, allegedly using only "selected excerpts" from White's interview of the minor child. *Id.* ¶ 17. The application omitted the child's earlier denials of sexual abuse, as well as any information regarding a medical examination of the child for signs of the alleged abuse. *Id.* On the basis of Corporal Georgiades' selective application, he procured an arrest warrant for Osborne. *Id.* ¶ 18. The Plaintiff was arrested the following day, January 25, 2011. *Id.* Osborne was incarcerated without bond for over eight months, until October 3, 2011, after which date a bond was set for $25,000. *Id.* ¶ 19. Finally, the Office of the State's Attorney for Harford County declined to prosecute Osborne on December 13, 2011. *Id.* ¶ 20.

Osborne subsequently initiated the present action against Defendants Pipitone, Corporal Georgiades, and White on January 23, 2014. In his Complaint (ECF No. 1), Osborne levies two claims. First, he alleges that the Defendants, acting under color of state law, violated his Fourth Amendment and Fourteenth Amendment rights in contravention of

42 U.S.C. § 1983 (Count I). *Id.* ¶¶ 27-30.  Second, Osborne asserts that Defendants conspired to construct false accusations of sexual assault against him, thereby denying him the equal protection of the laws under 42 U.S.C. § 1985(3) (Count II).[5] *Id.* ¶¶ 31-35. Regarding both counts, Osborne argues that Pipitone, Corporal Georgiades, and White "knowingly and intentionally" induced the minor child to fabricate a story of sexual abuse that led directly to his "unjustifabl[e] arrest[] . . . [and] imprisonment." *Id.* Osborne denies ever assaulting or even attempting to assault the minor child. *Id.* ¶ 26. His arrest and ensuing incarceration thus were allegedly "without justification, without probable cause, and were motivated by [Defendants'] wanton, malicious[,] and reckless desire to inflict great emotional and physical distress and pain and suffering upon" Osborne. *Id.* ¶ 25.

On May 23, 2014, Defendant Pipitone filed an Answer to Complaint (ECF No. 6). In June of 2014, Defendants White and Georgiades filed motions to dismiss Counts I and II. On January 20, 2015, this Court granted Defendant White's Motion to Dismiss (ECF No. 7) and denied in part and granted in part Defendant Corporal Georgiades' Motion to Dismiss (ECF No. 10). Specifically, Corporal Georgiades' Motion to Dismiss was denied as to Count I and granted as to Count II. On February 10, 2015, Defendant Pipitone filed the motion currently pending before this Court for Judgment on the Pleadings (ECF No. 26).

## STANDARD OF REVIEW

With respect to both counts, Defendant moves for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(c) ("After the pleadings are closed but within such time as not to delay the trial, any party may move for

---

[5] Plaintiff has only filed federal claims against the Defendants.

4

judgment on the pleadings."); *see also* 5A C. Wright & A. Miller, Federal Practice & Procedure § 1367 (West 1990) (pleadings are considered closed "upon the filing of a complaint and answer") (*citing* Fed. R. Civ. P. 7(a)) (footnotes omitted).

Rule 12(c) of the Federal Rules of Civil Procedure authorizes a party to move for judgment on the pleadings any time after the pleadings are closed, as long as it is early enough not to delay trial.[6] *See* Fed. R. Civ. P. 12(c). The legal standard governing such a motion is the same as a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *Booker v. Peterson Cos.*, 412 F. App'x 615, 616 (4th Cir. Feb.25, 2011); *Economides v. Gay*, 155 F.Supp.2d 485, 488 (D. Md. 2001). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

In determining whether dismissal is appropriate, this Court assumes as true all well-pleaded facts in the plaintiff's complaint, but does not accept the plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

---

[6] Defendant filed an answer (ECF No. 6) on May 23, 2014, prior to filing the Motion for Judgment on the Pleadings (ECF No. 26) on February 10, 2015. Trial has yet to be set in this matter.

*Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Simmons v. United Mort. & Loan Invi, LLC*, 634 F.3d 754, 768 (4th Cir. 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009). In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679.

ANALYSIS

Plaintiff Osborne's Complaint asserts two federal causes of action against Defendant Pipitone – a claim under 42 U.S.C. § 1983 (Count I) and 42 U.S.C. § 1985(3) (Count II). Defendant Pipitone has filed a Motion for Judgment on the Pleadings with respect to both counts. Specifically, Defendant Pipitone contends that Plaintiff's claim under § 1983 (Count I) must fail because Defendant Pipitone is not a state actor and that Plaintiff has failed to state a plausible claim of conspiracy under § 1985(3) (Count II).

I. **Count I – Constitutional Violations Under 42 U.S.C. § 1983**

Defendant Pipitone contends that Osborne's claim under 42 U.S.C. § 1983 (Count I) must fail because Defendant Pipitone is a private actor who acted as a private citizen during all times relevant to the Complaint. Under 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must establish that he or she was deprived of a right secured by the Constitution or laws of the United States, and that the conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937

6

(1982). "The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). The under-color-of-state-law element of § 1983 excludes "'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Inc. Co. v. Sullivan*, 526 U.S. 40, 50 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) (internal citations omitted)).

Here, despite Osborne's assertion in his response brief, Defendant Pipitone was not acting as a state actor during the course of events of the Complaint. While the Complaint asserts Defendant Pipitone initially contacted Corporal Georgiades about the alleged assault and set in motion the sequence of events leading up to Plaintiff's arrest, Defendant Pipitone's actions cannot be characterized as "fairly attributable to the state." *See Kashaka v. Baltimore County, Maryland*, 450 F.Supp.2d 610, 620 n. 3 (D. Md. 2006) (explaining that plaintiffs' § 1983 claim against defendant, filed alongside a § 1985(3) claim alleging conspiracy between the defendant, plaintiffs' neighbor, and Baltimore County police officers, would fail because defendant was not a state actor). The Complaint fails to classify Defendant Pipitone as a state actor and therefore fails to make out a requisite element for a violation under 42 U.S.C. § 1983. Accordingly, Defendant Pipitone's Motion for Judgment on the Pleadings is GRANTED as to Count I, and Judgment shall be entered in her favor.

## II.   Count II – Constitutional Violations Under 42 U.S.C. § 1985(3)

Section 1985(3) creates a cause of action where "two or more persons . . . conspire . . . for the purposes of depriving, either directly or indirectly, any person . . . of the equal

protection of the law, or of equal privileges and immunities under the law." In order to establish a claim under § 1985(3), the plaintiff must prove:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*A Society Without A Name*, 655 F.3d 342, 346 (4th Cir. 2011) (citing *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995)). To proceed under § 1985(3), the Complaint must sufficiently allege "an agreement or a meeting of the minds by [the] defendants to violate the [plaintiff's] constitutional rights." *Id.* (quoting *Simmons*, 47 F.3d at 1377); *see also Simmons*, 47 F.3d at 1377 (noting that this is a "relatively stringent" standard).

Plaintiff's Complaint alleges Defendants Georgiades, White, and Pipitone conspired by acting in agreement and concert with one another for the purpose of depriving, either directly or indirectly, the plaintiff of the equal protection of the laws afforded him under the Fourteenth Amendment and 42 U.S.C. § 1983. As noted previously, this Court has dismissed Plaintiff's 42 U.S.C. § 1985(3) conspiracy claims against Defendants White and Georgiades. Defendant Pipitone argues that as a result of the dismissals she is the only Defendant left to proceed under Count II, and therefore Plaintiff has failed to state a claim under 42 U.S.C. § 1985(3) because a conspiracy requires more than one actor. Plaintiff makes no argument in opposition to Defendant Pipitone's motion as it relates to the conspiracy charge (ECF No. 31). With the dismissals of Count II against Defendant White and Georgiades, the Complaint fails to assert Defendant Pipitone was engaged in a conspiracy "of two or more persons" and therefore fails to make out the requisite elements for a violation under 42


U.S.C. § 1985(3). Accordingly, Defendant Pipitone's Motion for Judgment on the Pleadings is GRANTED as to Count II, and Judgment shall be entered in her favor.

## CONCLUSION

For the reasons stated above, Defendant Pipitone's Motion for Judgment on the Pleadings (ECF No. 26) is GRANTED and Judgment shall be entered in her favor in this action.

A separate Order follows.

Dated: June 4, 2015

                                                                          /s/
                                                   Richard D. Bennett
                                                   United States District Judge